IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                          23-CR-68

JOHN WEINMANN,

          Defendant.

---

## PLEA AGREEMENT

The defendant, John Weinmann, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B) (knowingly and willfully receiving a kickback under a federal health care program), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant knowingly and willfully solicited or received any remuneration, including any kickback, bribe or rebate, directly or indirectly, overtly or covertly, in cash or in kind;

   b. The purpose of the renumeration was in return for purchasing, ordering, or arranging for or recommending purchasing or ordering any good, facility, service or item for which payment may be made in whole or in part under a federal health care program.

### FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Medicare is a federal health care program as defined in Title 42 United States Code, Section 1320a-7b(f) and Title 18, United States Code, Section 24(b). Medicare is divided into 4 parts, A-D, which are designed to cover specific services. Medicare Part D covered or subsidized the costs of prescription medications.

   b. In or about 2017 the defendant operated as an independent insurance broker in the WDNY when he knowingly and willfully entered into an

2

  agreement with a Syracuse, New York company to target Low Income Subsidy (LIS) Medicare beneficiaries. Under the terms of the agreement the Syracuse company agreed to pay the defendant money, as a kickback, for each prescription medication the defendant was able to get filled and paid for under a beneficiaries Medicare coverage. From, in or about September 2017 and continuing to in or about August 2018, in the Western District of New York and elsewhere, the defendant knowingly and willfully targeted Low Income Subsidy (LIS) Medicare beneficiaries and recommended the purchase of and then arranged for the purchase of prescription medications that were medically unnecessary.

c. From in or about September 6, 2017 and continuing to in or about August 20, 2018, in return for recommending and arranging for the purchase for these prescription medications the defendant knowingly and willfully received payments from the Syracuse company for the filled prescriptions. The payments the defendant received were made in whole or in part by the beneficiaries Medicare coverage. Specifically, on or about August 15, 2018, the defendant received a $7,500.00 payment.

d. For relevant conduct purposes, the total amount of money received by the defendant in kickbacks was $32,150.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2B1.1(a)(2) applies to the offense of conviction and provides for a base offense level of 6.

3

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristic does apply:

   a. based on the total loss amount of $32,150 (including relevant conduct), the 4 level increase pursuant to Guidelines § 2B1.1(b)(1)(C) [loss amount more than $15,000].

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 10.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 8.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

4

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of 8 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $2,000 to $20,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12. It is also the understanding of the government and the defendant that the United States Sentencing Commission has published a proposed amendment adding Guidelines § 4C1.1 (Adjustment for Certain Zero-Point Offenders), which would result in a two-level reduction in the defendant's base offense level. The government agrees that a downward variance of two levels in the defendant's base offense level should be granted. The defendant agrees to not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) on the basis of the two-level reduction in the event the proposed two-level reduction under USSG § 4C1.1 is adopted and made retroactive by the Sentencing Commission. If this variance is granted by the Court, it is the understanding of the government and the defendant that, with a total offense level of 6, and a criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $1,000 to $9,500, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that, at sentencing, the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

13. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.   STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period

6

of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

17. The defendant represents that they are a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

18. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

7

19. The government agrees that the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to violations of Title 18, United States Code, Section 1343, 1347, 1956, 1957 and Title 42 United States Code Section, 1320a-7(b)(b), committed up to the date of this agreement and about which the defendant has informed the government prior to signing this agreement.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

21. The defendant understands that the Court may require restitution in the amount of $32,150 to be paid to Medicare as part of the sentence, pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court. The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under Title 18, United States Code, Section 3664(d)(5) if the victim's losses are not ascertainable prior to sentencing.

22. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The

defendant agrees to make complete financial disclosure to the government by truthfully executing a sworn financial statement by the deadline set by the government or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the government, including, but not limited to, executing authorization forms for the government to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the government relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

23. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in Title 18, United States Code, Section 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned

property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

24. Under the TOP program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code. The government hereby provides the defendant with notice that 60 days after sentencing, unless the monetary judgment(s) ordered by the Court is paid in full immediately after sentencing, the government will refer the outstanding monetary judgment to TOP for the offset of any pending federal payments, and the defendant agrees not to object or contest any such action by the government and waives any further notice.

25. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the government to enforce the judgment. Further, the defendant agrees not to challenge or dispute any efforts by the government to enforce collection of any monetary penalties ordered by the Court.

26. The defendant understands and agrees that under Title 18, United States Code, Section 3664(m), the government may use all available and reasonable means to collect restitution, and pursuant to Title 18, United States Code, Section 3664(n), if the defendant is ordered to pay restitution, or pay a fine, receives substantial resources from any source,

including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed without objection.

27. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the government and/or agencies thereof.

28. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

29. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3E1.1.

## VIII. APPEAL RIGHTS

30. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence

imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, [imprisonment of 0 to 6 months, a fine of $2,000 to $20,000 and supervised release of 1 to 3 years,] notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

31. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

32. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, [imprisonment of 0 to 6 months, a fine of $2,000 to $20,000 and supervised release of 1 to 3 years,] notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

33. This plea agreement represents the total agreement between the defendant, John Weinmann, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
Michael DiGiacomo
Assistant United States Attorney

Dated: July 6th, 2023

I have read this agreement, which consists of pages 1 through 13. I have had a full opportunity to discuss this agreement with my attorney, Justin Ginter, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
John Weinmann
Defendant

Dated: July 6, 2023

_____
Justin Ginter, ESQ.
Attorney for the Defendant

Dated: July 6, 2023

13